UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT WHITTAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-00565 CDP |
| | ) |
| DR. SHANNON K. OWENS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Robert Whittaker's application to proceed in the district court without prepaying fees and costs. [ECF No. 7]. While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's application to proceed in the district court without prepayment of fees and costs and dismiss plaintiff's complaint without prejudice.

**The Complaint**

Plaintiff is currently incarcerated at the Northeast Correctional Center (NECC) in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming as defendants Dr. Shannon Owens, Dale Glass, Nurse Unknown Frazier and Unknown Doctor. [ECF No. 1, pp. 1-4]. In the body of his complaint plaintiff also names Jamie Lambing as a defendant. [ECF No. 1, pp. 2-3]. Plaintiff brings this action against defendants in their individual capacities.

Plaintiff alleges that he was incarcerated at the St. Louis City Justice Center between 2015 and 2017, when Dale Glass was the Commissioner of the Justice Center. At the time, there was an outbreak of Tuberculosis (TB) at the Justice Center, and although plaintiff tested negative for TB at the Justice Center in March of 2017, when he was transferred to Eastern Reception Diagnostic

and Correctional Center (ERDCC) and retested in April of 2017, his test came back positive. Plaintiff was placed on a treatment protocol of Isoniazid and Pyridoxine by nurse Shannon Owens at ERDCC to treat the TB. Plaintiff indicates that he had to ingest these drugs twice a week for nine (9) months, and he was not educated on the potential side effects of the drugs by Nurse Owens.

On or about July 27, 2017, plaintiff was transferred from ERDCC to Southeast Correctional Center (SECC). He states, ". . .upon testing [for] TB it was suggested that [he] was suffering from kidney failure due to the ingestions of Isoniazid and Pyridoxine." He claims that at this time he was exhibiting lower back pain, which he attributes to the medications he was taking for TB.

Plaintiff asserts that he has suffered "long term damage to [his] kidneys" from taking Isoniazid and Pyridoxine for three (3) months at ERDCC. He claims that not only are prison officials culpable for exposing him to TB at the Justice Center, but they are also responsible for deliberate indifference to his medical needs for the damage to his kidneys for failing to tell him of the side effects of Isoniazid and Pyridoxine and failing to accurately monitor him on these drugs.

Plaintiff seeks damages in this action.

## Discussion

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). For purposes of this section, a dismissal for failure to state a claim also constitutes a strike, whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

A review of this Court's files shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Whittaker v. St. Louis City Justice Center*, No. 4:18-CV-1717 SNLJ (E.D. Mo); *Whittaker v. Unknown Frazier*, No. 4:19-CV-2929 SNLJ (E.D. Mo); *Whittaker v. Unknown Green*, No. 1:19-CV-211 SRC (E.D. Mo); *Whittaker v. Redington*, No. 2:20-CV-12 SNLJ (E.D. Mo). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In fact, plaintiff has brought this same, or a similar case, relating to the 2017 TB infection, in this Court on four separate occasions. *See Whittaker v. St. Louis City Justice Center*, No. 4:18-CV-1717 SNLJ (E.D. Mo); *Whittaker v. Unknown Frazier*, No. 4:19-CV-2929 SNLJ (E.D. Mo); *Whittaker v. Doe, et al.,* No. 4:21-CV-00097 SRW (E.D.Mo.); and *Whittaker v. Owens*, No. 4:21-CV-00549 SRW (E.D.Mo.). [1]

---

[1] Plaintiff brought substantially the same lawsuit in all four cases as the one currently before the Court. However, he paid the full filing fee in *Whittaker v. Owens*, No. 4:21-CV-00549 SRW (E.D.Mo), which was filed on May 10, 2021. In that case, plaintiff, who was incarcerated at NECC at the time he filed the § 1983 action, alleged in his amended complaint that he was exposed to TB between 2015 and 2017 at the St. Louis City Justice Center when Dale Glass and Jamie Lambing were in charge. Infectious Disease Nurse Unknown Frazier tested him for TB in March of 2017, but his TB test was negative. Thus, he was transferred to ERDCC in April of 2017. Nonetheless, he tested positive for TB at ERDCC and was prescribed treatment by Nurse Susan Unknown (as alleged in that case) at ERDCC in 2017, which he believes caused kidney damage. Thus, plaintiff alleged a deliberate indifference to his serious medical needs claim in violation of the Eighth Amendment against Nurse Susan Unknown, and the Court issued

After reviewing the instant complaint, the Court finds that plaintiff does not allege that he is in imminent danger of serious physical injury. Rather, plaintiff's allegations in the instant action involve his unhappiness with his exposure to TB at the Justice Center in 2017, as well as his disagreement with the treatment for TB provided to him that same year at ERDCC. Although he complains that he suffered kidney damage, he does not indicate that he is currently suffering from a dangerous medical condition relating to his kidneys or that he is suffering from any medical condition at the present time.

Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in §1915(g) is applicable to him. Therefore, the Court will deny plaintiff's application to proceed in the district court without prepaying fees and costs and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of May, 2024.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

process on this claim after reviewing the amended complaint pursuant to 28 U.S.C. § 1915A. However, plaintiff was unable to obtain service of process on Susan Unknown, or his substituted defendant, Dr. Sharon Owens. *Id.* As such, on May 2, 2022, the case was dismissed pursuant to Federal Rule of Civil Procedure 4(m).